### MARY KERLIK v. THOMAS KERLIK.

1. INSANITY OF DEFENDANT NOT A BAR TO ADJUDICATION OF PROPERTY RIGHTS.
    Property rights of parties to a divorce proceeding may be adjudicated notwithstanding the defendant is insane; whether present insanity is a bar to divorce is not decided.

2. TRUSTEE FOR INSANE DEFENDANT PROPER IN DIVORCE.
    There being no special provision in the chapter of the Revised Statutes on divorce with regard to procedure as to an insane party, the general statutes apply. Hence, the appointment of a trustee for an insane defendant in divorce proceedings is proper.
    [Proof of this decision and syllabus has been submitted to Judge Winch and corrected.]

Kerlik v. Kerlik.

ERROR to Cuyahoga common pleas court.

**Klein & Harris,** for plaintiff in error:

Cited and commented upon the following authorities: *Clowry v. Clowry,* 8 Circ. Dec. 652 (16 R. 302); *Rhude* v. *Rhude,* 8 Dec. 684 (33 Bull. 273); *Casler* v. *Bowen,* 1 O. S. C. D. 729 (39 Bull. 4); 14 Cyc. 628 and cases noted under 71; *Harrigan* v. *Harrigan,* 135 Cal. 397 [67 Pac. Rep. 506; 87 Am. St. Rep. 118]; *Rathbun* v. *Rathbun,* 40 How. Pr. (N. Y.) 328; *Stratford* v. *Stratford,* 92 N. C. 297; *Mansfield* v. *Mansfield,* 13 Mass. 412; *Douglass* v. *Douglass,* 31 Iowa 421; *Mordaunt* v. *Mordaunt,* 41 L. J. Rep. N. S. 42; 2 Nelson, Div. & Sep. 669; 2 Bishop, Div. & Sep. Secs. 518, 522.

**Mathews & Orgill,** for defendant in error.

**WINCH, J.**

Plaintiff brought her action against the defendant praying for divorce, custody of children, alimony, and that she be decreed to be the sole owner of certain real estate which she claims to have paid for herself, although the record title thereto is in the plaintiff and defendant jointly. Extreme cruelty and gross neglect of duty are alleged as the grounds for divorce.

The petition further alleges:

"Defendant is now an inmate of the Cleveland hospital for the insane, duly committed by the probate court of Cuyahoga county, and is hopelessly insane beyond hope of recovery. All of the grounds of divorce above set forth arose prior to the insanity of the defendant and while he was in good health and of sound mind."

Service was had by delivering copies of the summons and of the petition to the defendant, and like copies for him to Dr. A. B. Howard, superintendent of the state hospital, in which the defendant is detained.

Thereupon the court of common pleas appointed a trustee for the defendant in the suit, finding that his legal guardian had an interest in the controversy adverse to defendant; and the trustee so appointed, answered, admitting the marriage, birth of children and insanity of the defendant, as alleged in the petition, but denying all other allegations therein.

At a subsequent term, the trial court made the following order in the cause:

"This cause having been duly advanced, came on this day for hearing, whereupon the court without final hearing dismissed the petition

of the plaintiff at her costs, for which judgment is rendered against her.''

Notice of appeal was given, bond fixed and given, and the case brought into this court under favor of Rev. Stat. 5706′ (Lan. 9240), which reads as follows:

''No appeal shall be allowed from any judgment or order of the court of common pleas under this chapter, except from an order dismissing the petition without final hearing, or from a final order or judgment granting or refusing alimony, or in cases under section 5705 [Lan. 9239] (injunction against intemperate husband from squandering property); when judgment is rendered for both divorce and alimony, the appeal shall apply only to so much of the judgment as relates to the alimony; and when an appeal is taken by the wife, she shall not be required to give bond.''

In this court a motion is made to dismiss the appeal, but said motion is overruled, as it is clear that the case is appealable as to the property rights of the parties, and we do not now decide whether or not, as to the divorce, an order was made dismissing the petition without final hearing, within the intendment of the statute, so as to require this court to hear and determine whether a divorce should be granted to the plaintiff.

Further objection is made to this court's hearing the case, based upon the defendant's insanity.

So far as that objection amounts to a demurrer to the petition, it is overruled, for we know no good reason why the property rights of the parties should not be adjudicated, even though the defendant is insane. Whether the present insanity is a bar to divorce, we do not now decide.

But it is said that this case should not be tried, because there is no provision in the chapter on divorce, authorizing the appointment of a trustee who may make a defense for the defendant, which his insanity precludes him from making for himself.

In the case of *Johnson* v. *Pomeroy*, 31 Ohio St. 247, at page 248, it is said:

''An insane person may be sued and jurisdiction over his person acquired by the like process as if he were sane. But when it is made to appear to the court that a party to the suit is insane, it is made the duty of the court by statute (S. & C. 385, Sec. 7) to appoint a trustee to prosecute or defend the suit for and on behalf of such insane party.''

The statute referred to is now known as Rev. Stat. 5000 (Lan. 8515), and is found in the revision and consolidation of the laws relat-

Kerlik v. Kerlik.

ing to civil procedure, enacted May 14, 1878 (75 O. L. 597, 606), but was originally enacted March 14, 1853 (51 O. L. 473, Sec. 7), and then read:

"Whenever, in any suit in court now pending, or which may hereafter be instituted, it shall manifestly appear to the court that any person who is party to such suit is an idiot, lunatic or insane person," the court may appoint a trustee.

This act was passed three days after the legislature had adopted the original code of civil procedure (51 O. L. 57), and the act concerning divorce and alimony (51 O. L. 377), both of which were also carried into the revision and consolidation of the laws relating to civil procedure, above referred to.

The code provided for "one form of action which shall be called a civil action," and the provisions regarding divorce constituted a "special proceeding," so designated in the revision (75 O. L. 726), and so held by the Supreme Court. *State* v. *Cook*, 66 Ohio St. 566, 573 [64 N. E. Rep. 567; 58 L. R. A. 625].

Section 604 of the code of 1853 (51 O. L. 161) provided:

"Until the legislature shall otherwise provide, this code shall not affect * * * proceedings under statutes relating to dower, divorce, or alimony; * * * but such proceedings may be prosecuted under the code, whenever it is applicable."

This section dropped out in the revision, and in its place appears Rev. Stat. 4956 (Lan. 8471), which reads:

"Where in part three of this revision special provision is made as to service, pleadings, competency of witnesses, or in any other respect, inconsistent with the general provisions in this title, the special provisions shall govern, unless it appear that the provisions are cumulative."

Considering this history of the statutes, we have concluded that as there is no special provision in the chapter on divorce with regard to the procedure as to an insane party the general statutes on the subject apply, and that a trustee was properly appointed for the insane defendant.

The motion to dismiss the petition is, for the reasons stated, overruled, and the case is assigned for trial upon May 7, 1906, immediately upon our return from the circuit.

**Marvin** and **Henry, JJ.,** concur